**R. L. AUTREY and A. L. Goad, Individually and d/b/a Autrey and Goad Construction Company, et al., Appellants,**

v.

**WILLIAMS AND DUNLAP et al., Appellees.**

**WILLIAMS AND DUNLAP et al., Appellants,**

v.

**R. L. AUTREY and A. L. Goad, Individually and d/b/a Autrey and Goad Construction Company, et al., Appellees.**

**No. 20306.**

United States Court of Appeals
Fifth Circuit.

May 27, 1965.

James L. Mitchell, Dallas, Tex., DeWitt T. Methvin, Jr., Alexandria, La., William M. Taylor, Jr., Dallas, Tex., John B. McNamara, Jr., Waco, Tex., for appellants.

William VanDercreek, Dallas, Tex., John L. Pitts, Alexandria, La., William L. Richards, Dallas, Tex., for appellees.

Before RIVES and JONES, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

Except as to the matter of Court costs, hereinafter discussed, the petitions for rehearing are denied.

Counsel on rehearing have filed and exchanged additional briefs at our request on the post-decision issue, as heretofore reserved by special preliminary order entered for the Court,[1] of the fair

---

1. This order of April 11, 1963, provided as follows:
   "On consideration of the motion and supplemental motion of appellants-appellees, Conner and Brownfield, to limit

the printing of the record, and of the opposition of appellees-appellants thereto,
"It is ordered that each party shall bear the initial cost of printing those

apportionment of costs totaling $6,709.24. This amount, excluding the Clerk's $25.00 fee paid by Autrey and Goad for initial docketing of their main appeal, represents the costs of mimeographing the consolidated 17-volume record on appeal to this Court, including practically the entire reporter's transcript.

After further consideration of this issue in connection with this voluminous record, as heretofore reproduced in accordance with requests filed on behalf of the various parties, and in the light of the preliminary motions and orders filed [2] and the over-all costs issue as briefed by the parties, the Court in its discretion has reached the conclusion that a fair and equitable allocation of these costs, as between the various parties and in view of the seven judgments rendered, is as follows:

(1) On the main appeal of Autrey and Goad v. Williams and Dunlap (No. 7228 below), Williams and Dunlap will reimburse Autrey and Goad for 45% of the cost of mimeographing the record, or *$3,019.16*, plus the Clerk's $25.00 docketing fee, for a total of *$3,044.16;*

(2) On the appeal of Luther v. Williams and Dunlap (No. 7233 below), Luther will bear 10% of the cost of reproducing the consolidated record in this Court, or *$670.93;*

(3) On the appeal of Conner and Brownfield v. Williams and Dunlap (No. 7235 below), Williams and Dunlap will also bear an additional 10% of the cost of said record, or $670.93;

(4) On the appeal of United Insulation Company v. Williams and Dunlap (No. 7542 below), United Insulation Company will bear 10% of the cost of said record, or $670.93;

(5) On the appeal of B. M. Jinks v. Williams and Dunlap (No. 7627 below), Williams and Dunlap will also bear an additional 10% of the cost of said record, or $670.93;

(6) On the appeal of P. L. Fears v. Williams and Dunlap (No. 7628 below), P. L. Fears will bear 10% of the cost of said record, or $670.93;

(7) On the appeal of C. H. McKerreghan v. Williams and Dunlap (No. 7462 below), McKerreghan will bear 5% of the cost of said record, or $335.46.

The same percentage of apportionment of taxable costs of appeal incurred as between the various parties in the district court, including the costs of the reporter's transcript, but excluding the nontaxable costs of printing briefs, shall also apply; and except for any credit to which a party may be entitled for having heretofore advanced such costs, judgment for costs as hereinabove apportioned will be entered accordingly, for which execution may be issued out of the district court.[3]

---

portions of the record which they designate under Rule 23a of this Court, subject to taxation of costs under Rule 31 upon entry of judgment."

**2.** i. e., the motion filed February 5, 1963, for an order requiring the parties to limit the printing of the record by stipulation under Fifth Circuit Rule 24(a) and the opposition thereto; the motion for, and order denying that, the issue of federal jurisdiction be argued and determined prior to the merits, etc.

**3.** Probably it should be noted that by far the largest expense incurred in reproducing this voluminous record resulted from Williams and Dunlap's refusal to proceed on the main appeal as between it and Autrey and Goad "without the entire transcript of testimony (4,630 pages) being printed" at approximately $1.40 per page; and its position that if Autrey and Goad failed to designate the entire record for mimeographing, it would "be forced to do so." Actually, the cost of reproducing the pleadings and other motion papers applicable separately to each case appears almost de minimis by comparison, as follows:

| | |
|---|---|
| Autrey and Goad appeal | 142 pages |
| Luther appeal | 32 pages |
| Conner and Brownfield appeal | 43 pages |
| McKerreghan appeal | 29 pages |
| United Insulation appeal | 32 pages |
| B. M. Jinks appeal | 46 pages |
| P. L. Fears appeal | 39 pages. |